IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OSCAR CRUZ LOPEZ,

     Petitioner,

v.                                          Civ. No. 10-00573 MCA/RLP

DAVID EBBERT, Warden, *et al.*,

     Respondents.

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

1.     This is a proceeding brought pursuant to 28 U.S.C. § 2254. Petitioner is currently housed at FCI Allenwood in White Deer, Pennsylvania where he is currently serving a federal sentence for re-entry of a deportable alien, in violation of 8 U.S.C. § 1326. *See* Answer [Doc. 9], Exhibit O thereto. The basis of his federal habeas petition is his 2001 New Mexico state court conviction for Trafficking of Controlled Substance. *See* Exhibit A.

2.     He raises three grounds for relief in his petition: (1) was there sufficient evidence to convict him of trafficking; (2) testimony of the informants was not credible; and (3) ineffective assistance of counsel.

3.     Petitioner's Judgment was entered in 2001 and he was sentenced to nine years' incarceration following by two years' parole. Exhibit A. The court suspended four years and six months. *Id.* Petitioner completed his sentence and begain his parole period on March 5, 2004. His parole was completed on March 3, 2006. Exhibit B.

---

[1] Within 14 days after a party is served with a copy of the Magistrate Judge's Report and Recommendation (R&R) that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to the R&R in the United States District Court. A party must file any objections within the 14-day period allowed if that party wants to have appellate review of the R&R. If no objections are filed, no appellate review will be allowed.

4.      Petitioner filed a petition for writ of habeas corpus in state court in 2009.
Exhibit K.  The petition was summarily denied on January 4, 2010.  Exhibit L.  He filed his
petition for writ of habeas corpus in federal court on June 14, 2010, while in federal custody
for another offense.

5.      Respondents seek dismissal of this case on the grounds that Petitioner is not
"in custody" within the meaning of § 2254; that the petitioner is time-barred; and that
Petitioner has filed a mixed petition consisting of exhausted and procedurally barred claims.
The Court finds that the petitioner is not "in custody" and that the petition is time-barred and
so does not reach the remaining argument.

6.      "The 'in custody' language of § 2254 is jurisdictional and requires habeas
petitioners to be 'in custody' under the conviction or sentence under attack when they file
the petition." *McNeil v. Howard*, 2009 WL 2050709 (10th Cir. 2009) (unpublished decision)
(quoting *Broomes v. Ashcroft*, 358 F.3d 1251, 1254 (10th Cir. 2004)) (some quotation
marks omitted).  It is undisputed that Petitioner is not "in custody" under the conviction and
sentence under attack.

7.      Although Petitioner filed a state court writ of habeas corpus in 2009, his one-
year limitation period expired at some time in 2005 or early 2006 after the conclusion of his
direct appeal, Exhibits D-J.  *See* § 2244(d)(1).  Although § 2244(d)(1) tolls the one-year
period while collateral relief is sought, that section requires that a petitioner file for collateral
relief *before* his one-year limitation period has extinguished.  *Moreno-Montano v. Jacquert*,
2010 WL 1685863, *2 (10th Cir. 2010) (unpublished opinion) (citing *Tinker v. Moore*, 255
f.3d 1331, 1333 (11th Cir. 2001) and *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir.
2001).  The instant petition is three to four years too late.

## RECOMMENDED DISPOSITION

I recommend that the Petition for Writ of Habeas Corpus be denied and this case dismissed with prejudice.

Richard L. Puglisi
Chief United States Magistrate Judge